# FOWLER *v.* BOYCE.

PATENTS; INTERFERENCE; APPELLATE PRACTICE; PRELIMINARY STATEMENTS.

1. Where one of three parties to an interference fails to appeal from a deci-
sion of the Examiners-in-Chief of the Patent Office adverse to him, so
that under Rule 132 of the Patent Office his claims which were in-
volved in the interference stand finally rejected, he can have no stand-
ing in this court on an appeal by one of the other parties from the
Commissioner's decision.

2. Where one of the parties to an interference stands on his record date,
which antedates the date of the application of the other party, it is
necessary, in order for the latter to prevail, to show an earlier concep-
tion, disclosure, and actual reduction to practice, or an earlier concep-
tion and disclosure, followed by diligence in the actual reduction to
practice prior to his rival's record date.

3. *Quære,* Whether the execution of the oath accompanying an application
is, in the absence of any proof other than the paper itself, sufficient
evidence to prove the fact of conception by an inventor at that date.

4. If proofs may be submitted in an interference case wholly inconsistent
with the dates alleged in the preliminary statements, the rules which
require the filing of statements before the records are opened for the
inspection of the parties interested may as well be abrogated.

5. Where in his preliminary statement one of the parties to an interference
claimed no earlier date than a date two months after the other party's
constructive reduction to practice, and a motion to amend his prelim-
inary statement by setting up dates of. disclosure and actual reduc-
tion to practice earlier than those claimed by his adversary was denied,
he is limited by his preliminary statement to a disclosure and reduc-
tion to practice at a date subsequent to his rival's record date, and,
failing to show that the latter is not entitled to that date, he is not
entitled to an award of priority.   (Following *Hammond* v. *Basch,* 24
App. D. C. 469.)

*No. 234.*  Patent Appeals.  Submitted January 11, 1906.  Decided Febru-
ary 6, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

The facts are sufficiently stated in the opinion.

There was no appearance for the appellant.

*Mr. Philip Mauro, Mr. William W. Swan, Mr. Thomas L. Lockwood,* and *Messrs. Mauro, Cameron, Lewis, & Massie* for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

This appeal is taken from the decision of the Commissioner of Patents awarding priority to Charles L. Boyce.

The issue is set forth in the following counts:

"1. In a telephone exchange system, the combination with a telephone line extending from a substation to an exchange, of a line relay at the exchange, a source of current adapted to be closed through said line relay through the agency of substation apparatus, cord connecting apparatus for connecting said line with another for conversation, a cut-off relay included in a high-resistance circuit controlled by the cord-connecting apparatus, a line signal jointly controlled by said line and cut-off relays, a supervisory signal included in said high resistance circuit, and means whereby the de-energization of said line relay causes a decrease in the resistance of the circuit through said supervisory signal.

"2. In a telephone exchange system, the combination with a telephone line extending from a substation to an exchange, of a line relay at the exchange, a source of current adapted to be closed through said line relay through the agency of substation apparatus, cord connecting apparatus for connecting said line with another for conversation, a cut-off relay included in a circuit controlled by the cord connecting apparatus, a resistance in said circuit, a line signal jointly controlled by said line and cut-off relays, a supervisory signal included in the circuit controlled

by the cord connecting apparatus, and means whereby the de-energization of said line relay closes a low-resistance shunt circuit about said resistance."

There was no appearance for appellant, Samuel B. Fowler, when the case was called for argument, and no brief was filed on his behalf. In accordance with the provisions of the rules of the court, counsel for the appellee opened the record and prayed for an affirmance.

An examination of the record and the brief filed on behalf of the appellee discloses that the interference was originally declared with three parties. The third party, Temple and Goodrum, did not appeal from the adverse decision of the Examiners-in-Chief, so that under Rule 132 of the Patent Office their claims which were involved in the interference stand finally rejected, and consequently they have no standing in this court. The Examiner of Interferences awarded priority to Temple and Goodrum. His decision was reversed by the Examiners-in-Chief, who awarded priority to Boyce, and their decision was affirmed by the Commissioner. On this appeal Boyce stands on his record date which is March 7, 1902, which make it unnecessary for us to examine the proofs adduced on his behalf. Fowler's application was filed July 18, 1902, and it is therefore necessary, in order for him to prevail, to show an earlier conception, disclosure, and actual reduction to practice, or an earlier conception and disclosure, followed by diligence in an actual reduction of his invention to practice prior to March 7, 1902.

The Examiner of Interferences has clearly defined the invention in controversy and pointed out its novel features: "In the invention at issue, as well as in certain telephone systems of well-known construction, the apparatus at the substation is so arranged that current is produced in the line during the use of the telephone. A relay is provided in connection with the line, and is responsive to current in it. When a subscriber initiates a call this line relay attracts an armature and closes a circuit at the exchange containing a small incandescent lamp. The lighting of this lamp calls the attention of the operator. Upon the desired connection being made, a circuit containing a super-

visory lamp and a second relay is closed. The second relay, becoming energized, attracts its armature, thereby opening the circuit containing the line-signal lamp, causing it to be extinguished. In the invention, as disclosed, the novel feature consists in providing said second relay with high resistance winding, which prevents the illumination of the supervisory lamp until, by the subscriber returning his receiver to its hook, the line relay becomes de-energized and allows its armature to fall back, thereby closing a low-resistance shunt circuit about said high-resistance relay. The supervisory lamp then becomes illuminated, indicating to the operator a signal for disconnection."

As between Boyce and Fowler the three tribunals of the Patent Office are agreed in finding priority in favor of Boyce. In the consideration of Temple and Goodrum's case the Examiner of Interferences and the Examiners-in-Chief have passed upon, and differed in their conclusions, as to whether the execution of the oath accompanying an application is, in the absence of any proof other than the paper itself, sufficient evidence to prove the fact of conception by an inventor at that date. Any views we might express on the subject would be mere *dictum,* and, not being necessary, or, under the circumstances of the case, warranted, we refrain from expressing any opinion.

We have examined the record, but see no reason why we should express an opinion as to whether Fowler has overcome Boyce's record date.

In his preliminary statement Fowler claimed no earlier date of disclosure or reduction to practice than May 1, 1902, nearly two months after Boyce's constructive reduction to practice. After the preliminary statements were opened and his adversary's dates known to him, he moved to amend his preliminary statement by setting up dates of disclosure and actual reduction to practice earlier than claimed by either of his adversaries. His motion was denied. Notwithstanding the denial of the motion, testimony was given relative to alleged earlier dates than those set up in his preliminary statement. Some of this testimony was received without objection, and by the tribunals of

the Patent Office has been considered and held not sufficient to overcome Boyce's record date. Such practice is very irregular, and, as the Commissioner well says: "If proofs can be submitted wholly inconsistent with the dates alleged in preliminary statements, the rules might as well be abrogated which require the filing of statements before the records are opened to the inspection of the parties interested."

Interferences are burdensome enough upon the parties involved therein, and upon the tribunals called upon to decide them, where the testimony offered conforms to the preliminary statements. Although we have examined the record, we see no good reason for extending our conclusion beyond the only pertinent question, which is whether Fowler has, by any admissible and relevant testimony, shown that Boyce is not entitled to the award of priority. Fowler is limited by his preliminary statement to a disclosure and reduction to practice to a date subsequent to Boyce's record date. He has not shown that Boyce is not entitled to that date. *Hammond* v. *Basch,* 24 App. D. C. 469, and cases there cited.

It follows that the Commissioner of Patents rightfully awarded priority to Boyce, and his decision is therefore affirmed.

The clerk of the court will certify this opinion, and the proceedings in this court in the premises, to the Commissioner of Patents according to law. *Affirmed.*